IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KASEEM PATTERSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DEPUTY SHERIFF | : | |
| JOSEPH HEFFERNAN, et al. | : | NO.  21-5398 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                June   12, 2024

Defendant Joseph Heffernan ("Deputy Heffernan") moves to dismiss the Second Amended Complaint ("SAC")[1] in this civil rights case, arguing that service of the SAC on him was defective, the claims against him are barred by the statute of limitations, and the SAC fails to state claims for which relief may be granted.  Doc. 60.  Plaintiff responds that service was proper, the claims properly relate back to the timely filing of the original complaint, and he has met the standard for statement of his claims.  Doc. 62.

For the reasons that follow, I find that the Court's error in issuing an unsigned and unsealed summons should not be borne by Plaintiff and will give Plaintiff another opportunity to properly serve Deputy Heffernan.  With respect to the statute of limitations, I find that the relation-back doctrine saves the suit against Deputy Heffernan from an untimely fate.  In addition, I find that the allegations in and attachment to the SAC are sufficient to survive the motion to dismiss.

---

[1]Pinpoint citations will use the court's ECF pagination.  The SAC is Document 26 in the Court's ECF system, and ordinarily I would cite to specific paragraphs of a complaint.  However, the paragraphs in the SAC are not sequentially numbered, so I will cite to the page number and paragraph number that appears on that page.

## I.      FACTUAL AND PROCEDURAL HISTORY

This action arises from an incident that occurred at the Delaware County Courthouse Jail/Cell Block on December 16, 2019, when Mr. Patterson was held in custody awaiting a hearing.  SAC at 2-3 ¶ 3.  In the SAC, Plaintiff alleges that Deputy Heffernan, along with other named deputy sheriffs, ignored a Housing Detail Report that alerted them to the fact that another inmate, Craig Linder, was an "enemy" of Mr. Patterson, when they placed Mr. Linder in the cell with Mr. Patterson.[2]  Id. ¶¶ 3-8.  According to the SAC, Craig Linder proceeded to violently attack Mr. Patterson for several minutes "in front of" Deputy Heffernan and other deputy sheriffs, without the latter intervening to protect him.  Id. at 3 ¶¶ 8-10.  Plaintiff brings claims of deliberate indifference/failure to protect and failure to intervene under 42 U.S.C. § 1983, and intentional infliction of emotional distress.  Id. at 4-8 ¶¶ 12-43.

Mr. Patterson filed his original Complaint on December 9, 2021, naming as defendants the Delaware County Sheriff's Office, Delaware County, Sheriff Jerry Sanders, and "Unknown Delaware County Sheriffs."  Doc. 1 caption & ¶ 7.  The Honorable Mitchell S. Goldberg, to whom the case was assigned, dismissed the Complaint without prejudice and granted Plaintiff leave to file an amended complaint,

---

[2]According to the SAC, "the purpose of the 'Housing Detail Report' is to prevent inmates from being in the same cell as a known 'enemy' which could result in inmate-on-inmate violence."  SAC at 3 ¶ 4.  The Housing Detail Report dated December 13, 2019, identified Craig Linder as a known "enemy" of Plaintiff, indicating that the two should not be housed together.  Id. ¶ 7 & Exh. A.

Doc. 13,[3] which Plaintiff did on December 9, 2022, naming the same defendants.  Doc. 14 ¶¶ 3-7.  On August 14, 2023, Judge Goldberg dismissed the Amended Complaint as to Sheriff Sanders with prejudice, finding that it failed to allege that Sheriff Sanders was involved in or present for the attack, or was aware of the risks posed by placing Craig Linder in Plaintiff's cell.  Doc. 20 ¶¶ 12, 16.  Judge Goldberg also dismissed as to the Sheriff's Office because it was not a proper party, and dismissed with prejudice as to Delaware County because Plaintiff failed to include any facts to support a failure-to-train claim to support Monell liability.  Id. ¶¶ 1 n.1, 15.  Judge Goldberg gave Plaintiff thirty days to identify the unknown deputies and forty-five days to file a second amended complaint.  Id. at 8.  Plaintiff filed the SAC on September 7, 2023, within the time limit set by Judge Goldberg.  Doc. 26.

In the SAC, Plaintiff for the first time identified the defendants as Deputy Heffernan and three other named deputy sheriffs.  SAC caption & ¶ 3.  Although the Affidavit of Service indicates that service was made on all four Defendants by service on the Solicitor's Office, Doc. 27, James Coyne, who accepted service on behalf of the three active Sheriff's deputies, stated in a declaration that he did not accept service on behalf of Deputy Heffernan because he had retired as of October 8, 2020.  Doc. 47-3.  On April 4, 2024, the Honorable Richard Lloret, to whom the case was reassigned on consent, found

---

[3]Judge Goldberg found that Plaintiff failed to allege facts detailing how the sheriffs' actions amounted to deliberate indifference, including details about the circumstances of the attack and the jail information system which supposedly alerted the deputies to the dangers of placing the two inmates together.  Doc. 13 ¶ 11.

that Deputy Heffernan rebutted the presumption of service by the process server, quashed the initial service on Deputy Heffernan, directed the Clerk of Court to reissue the summons as to Defendant Heffernan, and gave Plaintiff thirty days to properly serve Deputy Heffernan.  Doc. 53.  The same day, the Clerk's Office issued a new summons, which was not signed and did not contain the court's seal.  Doc. 54.  That summons was served on Detective Heffernan on April 23, 2024.  Doc. 58.

In his present motion to dismiss, Deputy Heffernan challenges the validity of service because the summons delivered to him was not signed or sealed by the Clerk of Court.  Doc. 60 at 8.  Plaintiff responds that "[n]othing in Rule 4 [of the Federal Rules of Civil Procedure] requires a summons to be signed and sealed by the Clerk only after it is otherwise completed."  Doc. 62 at 5.  Deputy Heffernan also argues that Plaintiff's claims are now barred by the statute of limitations, which Plaintiff disputes.  Doc. 60 at 8-9; Doc. 62 at 6.  Substantively, Deputy Heffernan argues that the SAC fails to meet the pleading requirements to state a claim Doc. 60 at 7-8, 10-13.  Plaintiff responds that he has set forth facts sufficient to support his claims.  Doc. 62 at 8-9.[4]

## II.   <u>DISCUSSION</u>

Rule 4 states that a "summons must . . . be signed by the clerk [and] bear the court's seal."  Fed. R. Civ. P. 4(a)(1)(F)-(G).  In <u>Ayers v. Jacobs & Crumplar, P.A.</u>, the Third Circuit held that "a summons not issued and signed by the Clerk with the seal of

---

[4]Upon Judge Lloret's retirement, the case was reassigned to me.  Doc. 61.  Deputy Heffernan, who had not previously consented to magistrate judge jurisdiction, has since consented and Judge Goldberg again referred the case on consent.  Docs. 65 & 66.

the court affixed thereto fails to confer personal jurisdiction over a defendant even if

properly served." 99 F.3d 565, 570 (3d Cir. 1996). The consequence of service of an

unsigned and unsealed summons is dismissal. Id. at 569-70 (affirming dismissal of

complaint where summons did not bear clerk's signature or seal); see also In re JVR

Group USA L.P., Civ. No. 19-11095, 2022 WL 3646288, at *5 (D. Del. Aug. 24, 2022)

(relying on Ayers to conclude that, absent a signed and sealed summons, an extension of

the time for service "serves no purpose."); Aplus SUNOCO v. Mid-Atl. Region Retailer

Compliance Ctr., Civ. No. 10-4941, 2012 WL 2870871, at *2-3 (D.N.J. July 12, 2012)

(dismissing suit where plaintiff failed to serve defendants with a signed and sealed

summons despite repeated opportunities to do so); Mathies v. Silver, 450 F. App'x 219,

221 n.2 (3d Cir. 2011) ("to satisfy Rule 4, a summons must . . . be signed by the clerk and

bear the court's seal").

　　　　Here, however, the fault lies not with Plaintiff or his counsel. Rather, in response

to an Order from Judge Lloret, the Clerk's Office prepared a summons without affixing

the signature of the Clerk or the seal of the Court, Doc. 54, and Plaintiff used that form to

serve Deputy Heffernan. Doc. 58. In these unusual circumstances, I find good cause for

Plaintiff's failure to properly serve Deputy Heffernan and will direct the Clerk to reissue

a signed and sealed summons and allow Plaintiff an additional twenty-one days to serve

the summons on Deputy Heffernan.  <u>See</u> Fed. R. Civ. P. 4(m) (upon plaintiff's showing

of good cause, court must extend the time of service for an appropriate period).[5]

  Deputy Heffernan also requests dismissal because the statute of limitations has run

and he has not yet been served.  Here, the relevant incident occurred on December 16,

2019.  Doc. 26 at 2-3 ¶ 3.  Mr. Patterson filed his original Complaint on December 9,

2021, Doc. 1, one week prior to the running of the statute of limitations, without

identifying Deputy Heffernan by name.[6]  On August 14, 2023, Judge Goldberg gave

Plaintiff leave to identify individual defendants and serve an amended complaint upon

them.  Doc. 20.  Upon learning the identities of the deputies involved in the incident, Mr.

Patterson filed the SAC on September 7, 2023, within the time limit set by Judge

Goldberg, and identifying Deputy Heffernan as a defendant.  Doc. 26.  Judge Lloret

found that Deputy Heffernan, who by that time was retired, was not properly served when

the process server delivered the summons to the Delaware County Solicitor's Office.

Doc. 53 at 3.  Judge Lloret gave Mr. Patterson thirty days to properly serve Deputy

Heffernan, <u>id.</u>, which, as explained, did not happen because the summons did not bear the

Clerk's signature or seal of the Court.

---

[5]If the summons prepared by the Clerk does not contain the requisite signature and seal, Plaintiff's counsel shall immediately notify the court so the deficiencies can be rectified immediately.

[6]The parties agree that Mr. Patterson's claims are governed by a two-year statute of limitations.  Doc. 60 at 7; Doc. 62 at 6.

Mr. Patterson contends that the relation-back doctrine saves his claims against Deputy Heffernan from being dismissed as untimely.  Doc. 62 at 6-8.  Deputy Heffernan disagrees, relying on Rules 4(m) and 15.  Doc. 60 at 8-10.  Rule 15 permits relation-back where a new party is added

> if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>     (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>     (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).[7]  Rule 4(m) sets a default service period of 90 days, but as noted, states that the court "must" extend the time for service "for an appropriate period" if good cause is shown.  Id. 4(m).  The question posed here is whether the relation-back doctrine encompasses only Rule 4(m)'s initial 90-day provision or includes court-granted extensions for service.

As recently explained by the Third Circuit, the relation-back doctrine is not limited to the initial 90-day period contained in Rule 4(m), but also includes any court extensions granted for good cause.

> Rule 15(c)(1)(C) requires, in relevant part, that a newly added defendant receive "notice of the action" "within the period provided by Rule 4(m)."  Rule 4(m) sets this period as 90 days unless "the plaintiff shows good cause for the failure" to serve.  In such a case, Rule 4(m)'s service period is enlarged

---

[7]There is no dispute that the other elements of Rule 15(c) -- that the applicable statute of limitations allows relation back and the amendment "arose out of the conduct, transaction, or occurrence set out . . .  in the original pleading" -- are met.  Fed. R. Civ. P. 15(c)(1)(A) & (B).

> because the district court "*must* extend the time for service for
> an appropriate period." Fed. R. Civ. P. 4(m) (emphasis
> added). By referencing only "the period provided by Rule
> 4(m)," and not "the *initial" or "default* period provided by
> Rule 4(m)," the plain text of Rule 15(c)(1)(C) means to
> include the entire Rule 4(m) service period, which includes
> any mandatory extensions granted for good cause. . . .
> Consequently, Rule 15(c)(1)(C)'s reference to "the period
> provided by Rule 4(m)" is not limited to just the default 90
> days since Rule 4(m) also encompasses the mandatory good
> cause extension provision.

Moore v. Walton, 96 F.4th 616, 624 (3d Cir. 2024).

Here, the SAC was filed nearly twenty-one months after expiration of the

limitations period, and is clearly untimely as to Deputy Heffernan unless it relates back to

the original Complaint under Rule 15(c). Guided by the analysis in Moore, so long as

Deputy Heffernan is served with the SAC within the time period set by Rule 4(m) -- 90

days plus any mandatory extension based on good cause found by the court -- then the

SAC relates back and there is no limitations violation. Given that Plaintiff identified and

amended his complaint naming Deputy Heffernan within the time period set by Judge

Goldberg, that Judge Lloret found good cause to extend the time for service period in his

April 4, 2024 Order, and that I have found good cause allowing service within twenty-

one days from now, Rule 15(c) is satisfied. Although Deputy Heffernan cites to Rule

15(c) in his motion, Doc. 60 at 10, he makes no argument that he will be prejudiced in

defending the case on the merits as a result of the relation back, nor that he will not know

why he was not timely named and served within the time period set by the Rules.

Accordingly, I conclude that the requirements of the Rule are met and that, so long as the

SAC is properly served within the time period set herein, the SAC relates back and is timely as to Deputy Heffernan.

Deputy Heffernan also seeks dismissal of the SAC arguing that Plaintiff has failed to allege facts sufficient to establish that Deputy Heffernan knew of the contents of the Housing Detail Report.  Doc. 60 at 7-8, 10-13.  Mr. Patterson responds that dismissal is improper because Deputy Heffernan's possession of the Housing Detail Report is disputed.  Doc. 62 at 8-9.

Motions to dismiss are governed by Federal Rule of Civil Procedure 12(b)(6), which provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  See Garrett v. Wexford Health, 938 F.3d 69, 92 (3d Cir. 2019) (citing Iqbal, 550 U.S. at 556).

Here, Plaintiff alleges in the SAC that the defendant deputies, including Deputy Heffernan, had a "'Housing Detail Report' which is circulated daily to all deputy sheriffs on duty which notifies them of each 'enemy' of a particular inmate who is housed in the jail/cell block."  Doc. 26 at 2-3 ¶ 3.  Deputy Heffernan disputes receipt of the Housing

Detail Report and argues that the document "appears to be a County *Prison* document."

Doc. 60 at 11. At this stage, reliance on the Housing Detail Report is sufficient to survive

a motion to dismiss. Deputy Heffernan's receipt or knowledge of the Housing Detail

Report and its contents can be explored in his deposition and may properly be the basis

for a summary judgment motion.[8]

## III.   **CONCLUSION**

Despite Judge Lloret's Order directing the Clerk to reissue the summons in this

case, the Clerk's Office failed to include the signature of the Clerk and the seal of the

Court. Under the circumstances, it would be inequitable to penalize Plaintiff for the

Court's error. This error also provides good cause under Rule 4(m) to extend the service

deadline, which also satisfies the relation-back provision of Rule 15(c)(1)(C). Moreover,

the allegations in and attachment to the SAC are sufficient to state a plausible claim

against Defendants.

An appropriate Order follows.

---

[8]Plaintiff also asks the court to consider the content of two Incident Reports, one authored by Deputy Heffernan and the other authored by another deputy. Doc. 62 at 3-4, 12, 14. Deputy Heffernan responds that consideration of materials not referenced in the SAC is improper. Doc. 63 at 5-6. In deciding a motion to dismiss, a court ordinarily considers only the factual allegations, exhibits attached to the complaint, and matters of public record. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). "Public records include criminal case dispositions, letter decisions of government agencies, published reports of administrative bodies, judicial opinions, and hearing transcripts." Logan v. Bd. of Educ. Of Sch. Dist. of Pittsburgh, 742 F. App'x 628, 632 (3d. Cir. 2018). Neither side cites any authority providing guidance on whether the Incident Reports to which Plaintiff refers in response to the motion would be considered public records. Because I find that the allegations in the Housing Detail Report attached to the SAC are sufficient to withstand Deputy Heffernan's motion to dismiss, I have no reason to delve any further into this question.