IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KASEEM PATTERSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DEPUTY SHERIFF | : | |
| JOSEPH HEFFERNAN, et al. | : | NO.  21-5398 |

**<u>MEMORANDUM AND ORDER</u>**

ELIZABETH T. HEY, U.S.M.J.                                              September 12, 2024

This is the third motion to dismiss the Second Amended Complaint ("SAC") filed

by Defendant Joseph Heffernan on the ground that Plaintiff has failed to effectively serve

him.  <u>See</u> Docs. 47, 60, 79.  With respect to the first motion, the Honorable Richard

Lloret quashed service of the SAC, finding that the Delaware County Solicitor's Office

had no authority to accept service on Mr. Heffernan's behalf because he had retired from

the Sheriff's Department at the time of service.  Doc. 53 at 2-3.[1]  Judge Lloret gave

Plaintiff 30 days to properly serve Mr. Heffernan.  <u>Id.</u> at 3 ¶ 1.  With respect to the

second motion, I held that the court lacked jurisdiction because, although Plaintiff served

Mr. Heffernan with a summons within the time limit set by Judge Lloret, that summons

did not bear the Clerk's signature or the court's seal.  Doc. 67 at 4-5; <u>see also</u> <u>Ayers v.</u>

<u>Jacobs & Crumplar, P.A.</u>, 99 F.3d 565, 570 (3d Cir. 1996) ("a summons not issued and

signed by the Clerk with the Seal of the court affixed thereto fails to confer personal

jurisdiction over a defendant even if properly served").  I directed the Clerk to issue a

---

[1]Pinpoint citations to documents filed in this court will refer to the court's ECF
pagination.

properly signed and sealed summons and gave Plaintiff 21 days to serve Mr. Heffernan.
Doc. 68.

In the current motion, Mr. Heffernan argues that service was not made until after
the deadline I set and that Plaintiff is not entitled to the benefit of the relation-back
provision, resulting in a violation of the statute of limitations.  Doc. 79 at 7.  Plaintiff
argues that because Defendant Heffernan was properly served on July 30, 2024,
"defendant's assertion that plaintiff's claims are barred by the Statute of Limitations is
patently false."  Doc. 83 at 7.  In addition, Plaintiff argues that defense counsel
"repeatedly refused to divulge an address" for Mr. Heffernan, requiring Plaintiff's
counsel to retain a legal process service to locate Mr. Heffernan.  Id. at 6.

This action arises from an incident that occurred at the Delaware Courthouse
Jail/Cell Block on December 16, 2019.  SAC at 2-3 ¶ 3.  Plaintiff filed his original
Complaint on December 9, 2021, a matter of days prior to the running of the statute of
limitations.[2]  Doc. 1.  Mr. Heffernan was not named in the original Complaint, nor in the
First Amended Complaint filed on December 9, 2022.  Doc. 14.  He was first named in
the SAC filed on September 7, 2023.  Doc. 26.  However, as explained in my prior
Memorandum, the relation-back doctrine of Federal Rule of Civil Procedure 15(c) would
save Plaintiff's claims from an untimely fate provided Defendant Heffernan was served
within the time period set by Federal Rule of Civil Procedure 4(m) -- 90 days plus any
mandatory extension based on good cause found by the court.  Doc. 67 at 7-8 (citing

---

[2]Plaintiff concedes that the statute of limitations applicable to his civil rights
action is two years.  Doc. 83 at 7.

<u>Moore v. Walton</u>, 96 F.4th 616, 624 (3d Cir. 2024)).  Combining the good cause periods that Judge Lloret and I found, <u>see</u> Doc. 53 at 3 ¶ 1 (extending service to May 4, 2024); Doc. 68 ¶ 2 (extending service to July 3, 2024), Plaintiff was required to serve Mr. Heffernan on or before July 3, 2024.  By his own admission, Plaintiff served Mr. Heffernan on July 30, 2024, Doc. 83 at 7 (citing Doc. 78 – Proof of Service), 27 days beyond the deadline I set.[3]

Plaintiff relies on three arguments in support of his position that his claims are not barred by the statute of limitations.  First, Plaintiff argues that Defendant Heffernan received proper notice when he was served with a summons and complaint by personal service in September of 2023.  Doc. 83 at 9.  However, Judge Lloret rejected this argument and found that the Delaware County Solicitor's Office, where the SAC was served, was not authorized to accept service on Defendant Heffernan's behalf because he had retired from the Sheriff's Department.  Doc. 53 at 1-3.

Next, Plaintiff argues that service was hampered by defense counsel's refusal to waive service.  Doc. 83 at 6.  In response, defense counsel asserts that he had good cause for his decision.  Specifically, he argues that he was preserving the statute of limitations defense and his ability to argue on appeal that my June 12 order extending Plaintiff's time for service ran afoul of the Third Circuit's holding that where a summons is not signed and sealed, the "suit should be dismissed under Fed.R.Civ.P. 12(b)(2)."  Doc. 84

---

[3]Both times he was served – first with the defective summons on April 23, 2024, and second with the properly issued summons on July 30, 2024 – Mr. Heffernan was served at the same home address by the same process server.  Doc. 58 & 78.

at 6 (quoting <u>Ayers</u>, 99 F.3d at 569).  I do not fault defense counsel for not waiving service in an effort to preserve his client's challenge to the court's rejection of his statute of limitations argument.  <u>See generally</u> F.R.C.P. 4(d)(2) (providing for financial remedies where a defendant fails "without good cause" to agree to waive service upon request).

Moreover, the defense correctly points out that Plaintiff's counsel was aware of the refusal to waive service well within time to effectuate timely service.  Doc. 79 at 6. The day after I issued the Order directing the Clerk to reissue the summons, Plaintiff's counsel contacted my office about the issue and filed a letter the following day complaining about counsel's refusal to waive service.  Doc. 70.  At that point, Plaintiff's counsel still had 20 days to effectuate service and failed to do so.  I can find no explanation or excuse for Plaintiff counsel's failure to serve Mr. Heffernan when he was well aware that counsel was not waiving service.

Finally, Plaintiff argues that "[d]efense counsel repeatedly refused to divulge [Defendant Heffernan's] address," requiring Plaintiff's counsel to retain the services of a legal process server who ran a "skip search" for Joseph Heffernan which returned 43 names.  Doc. 83 at 6.  The facts before the court belie this argument as an excuse for the failure to properly serve Defendant Heffernan from June 12 to July 3, 2024.  As noted, the same process server that served the unsigned and unsealed summons on Defendant Heffernan on April 23, 2024, served Defendant Heffernan at the same address on July 30, 2024.  Docs. 58 & 78.  Thus, no research was required after my June 12 Order to locate Defendant Heffernan because Plaintiff's counsel was already in possession of his address. Moreover, defense counsel has provided an email dated April 10, 2024, in which an agent

of Delaware County provided Defendant Heffernan's address to Plaintiff's counsel.  Doc.

84 at 4.[4]  I therefore reject Plaintiff's argument in this regard as well.

Although Plaintiff has not asked the court to again extend the period for proper

service under Rule 4(m), I have considered whether to do so and concluded that it would

be improper under the facts of this case.  There is no good cause to extend the service

period beyond July 3, 2024.[5]

III.    **<u>CONCLUSION</u>**

Despite this court's extension of time for Plaintiff to properly serve Defendant

Heffernan, Plaintiff failed to do so and failed to show good cause for the failure.  The

statute of limitations has run and Plaintiff is not entitled to the benefit of the relation back

doctrine of Rule 15(c).

An appropriate Order follows.

---

[4]I am troubled that Plaintiff's counsel has not addressed these events.  In replying to Plaintiff's response to my order to show cause, defense counsel attached a copy of the April 10 email to plaintiff's counsel providing Mr. Heffernan's address, as well as the proof of service showing service of the defective summons at that address by Plaintiff's process server on April 23.  Doc. 81 at 4, 7, 12.  That reply brief was filed on August 19. Yet, when Plaintiff's counsel filed his response to the motion to dismiss on September 3, he again stated that he was unaware of Mr. Heffernan's address and that the defense wrongly failed to provide it, making no mention either of the April 10 email or of the indisputable fact that his process server had the correct address all along.  Doc. 83 at 6-7. I note that Plaintiff's counsel's email address reflected on the April 10 email matches the email address on this court's docket for Plaintiff's counsel.  <u>Patterson v. Heffernan</u>, Civ. No. 21-5398, Civil Docket.

[5]Having found that dismissal based on the statute of limitations is appropriate, I have not addressed Defendant's additional arguments.